Rayfield MICKLES, Plaintiff/Appellant,

v.

The BOARD OF TRUSTEES OF PO-
LICEMEN'S AND FIREMEN'S RE-
TIREMENT FUND, Defendant/Respon-
dent.

No. 54682.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1989.

McCarthur Moten, St. Louis, for plain-
tiff/appellant.

Martin P. Zucker, St. Louis, for defen-
dant/respondent.

SATZ, Judge.

Plaintiff, Rayfield Mickles, appeals from
an order dismissing his petition filed
against the Board of Trustees of the Police-
men's and Firemen's Retirement Board of
Maplewood, Missouri (Board).[1] We affirm.

Plaintiff is employed as a police officer
by the City of Maplewood. He sued the
Board in three counts: Count I, "Breach of
Contract", he alleges the Board breached
its promise to include him in Maplewood's
Pension Plan; Count II, "Prima Facie
Tort", he alleges the Board "acted willful-
ly, intentionally, and wantonly" in refusing
to include him in the Plan, as, he alleges,
the Board was required to do; Count III,
"Specific Performance", he requests the
court "to direct" the Board to perform the
promise alleged in Count I. In Count I, he
prayed for $75,000 actual damages, and, in
Count II, he prayed for $75,000 actual dam-
ages and $150,000 punitive damages.

The Board filed an Answer and affirma-
tive defenses. It, then, filed a "Motion to
Dismiss", contending the trial court lacked
subject matter jurisdiction because Maple-
wood's Code of Ordinances vests exclusive
jurisdiction over pension matters with the
Board; or, contending, alternatively, that if
plaintiff is alleging he received no "final
decision" from the Board, he has failed to
exhaust his administrative remedies, and,
for this reason, the trial court lacked juris-

1. From the record, it appears plaintiff sued the
Board members "in their individual and official

capacity."

diction. The Board attached a certified copy of the "Code of Ordinance" to its Motion. The court granted the Motion, dismissing plaintiff's petition without prejudice.[2] This appeal followed.

Plaintiff contends the Ordinance establishing the Pension Plan "does [not] provide a remedy for an aggrieved person when he is not included in the [Plan]". We disagree.

Maplewood's Ordinance, No. 4121, Article IX, states:

> The fund [Pension Plan] shall be under the exclusive control of a board of trustees.... *Section 2–237(a)*

> .  .  .  .

> The board shall have exclusive jurisdiction of all retirement claims, benefits and refunds. It shall hold hearings and take and preserve evidence, records and make final findings and decisions, which shall be subject only to review by certiorari with right of appeal as in civil cases from the decision of a reviewing board. *Section 2–237(h).*

■ The Ordinance, thus, expressly provides for appeal from decisions of the Board and for review by the court. *See* § 536.100 RSMo 1986. As a prerequisite to this review, plaintiff must first exhaust his administrative remedies. *E.g. Bank of Belton v. State Banking Board,* 554 S.W. 2d 451, 453 (Mo.App.1977); § 536.100 RSMo 1986. He does not, however, allege the Board has rendered a decision excluding him from the Pension Plan. To the contrary, he alleges the Board has not yet made any decision. Thus, quite simply, he has not exhausted his administrative remedy.

■ Plaintiff also contends the Board has unreasonably delayed its decision, and this unreasonable delay, plaintiff argues, confers jurisdiction on the court to compel action by the Board or to remove the case

from the Board to the court. The record does not support this contention.

Admittedly, "[u]nreasonable delay on the part of any agency in deciding any contested case" is grounds "for an order of the court either compelling action by the agency or removing the case to the court for decision." Section 536.100 RSMo 1986. Plaintiff, however, has not pleaded "unreasonable delay", and has not requested the court "to compel action" by the Board or "to remove" this case to the court.

Only Count III of plaintiff's petition requests the court to compel some action by the Board. But, this equitable count for "specific performance" requests the court to "direct [the Board] to include plaintiff in the Pension [Plan]", a determination on the merits; it does not request the court to direct the Board to act expeditiously and make its independent determination on the merits.

Moreover, plaintiff does not plead "unreasonable delay". Plaintiff's petition specifies only one date, September 3, 1985, when he sought inclusion in the Pension Plan. This, however, was less than one month before plaintiff filed his lawsuit, certainly not an "unreasonable delay" in the present context. Plaintiff does plead that he "made seasonable application to the [Board] to be included in the Pension Plan and has continued to apply...." This allegation may imply that he applied to the Board more than once, but it does not imply the Board was unreasonably delaying the consideration of those applications.

■ Finally, plaintiff argues against an issue which, from the record before us, was not considered by the trial court in its dismissal. Plaintiff, first, assumes the Board will argue that he is a "special policeman". Then, plaintiff argues that the Section of the Ordinance relied upon by the Board does not apply to "special police-

---

**2.** A motion to dismiss is transformed into a motion for summary judgment if the trial court considers matters outside the pleadings. Rule 55.27(a), (b). However, a motion for summary judgment applies to the merits of a claim, a matter in bar, not a matter in abatement.

Wright, Miller & Kane, *Fed.Prac. and Proc., Civil,* § 2713 (2d ed. 1983). The Board's motion to dismiss for lack of jurisdiction presents a matter in abatement and, thus, the trial court properly addressed the motion as a motion to dismiss. *Id.*

men". Plaintiff's argument is misdirected and, thus, misses the mark.

Sometime prior to oral argument, we requested the parties to designate the precise record before the trial court when it considered the Board's Motion to Dismiss. The Board responded with an explicit designation, to which plaintiff agreed. This record discloses no facts showing plaintiff was hired as "a special policeman". Moreover, plaintiff does not allege and the Board does not contend here that plaintiff was a "special policeman" not subject to the Ordinance.

JUDGMENT AFFIRMED.

SMITH, P.J., and STEPHAN, J., concur.