Hazel L. BEASLEY, Appellant,

v.

Sybil A. BURNS, Appellee.

No. 06–99–00027–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 22, 1999.

Decided Nov. 23, 1999.

Edwin E. Buckner, Jr., Law Offices of Edwin E. Buckner, Jr., Marshall, for appellant.

Todd Tefteller, Tefteller & Pelaia, Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice CORNELIUS.

Hazel Beasley appeals from a summary judgment awarding Sybil Burns title to 17.45 acres of real property.[1] The issues

1. The 17.45 acres was a part of a larger tract of which Beasley retained ownership.

at trial involved the efficacy of a recorded deed, dated and filed March 6, 1972, signed by Hazel Beasley, in which she deeded 17.45 acres out of a larger tract to Burns.[2]

Beasley is Burns' mother. Burns filed suit against her mother alleging that Beasley had unlawfully taken possession of approximately five acres of the property by permitting a renter to build storage buildings on the property in question.

In a counter-petition, Beasley alleged that she was the owner of the entirety of the property (including the 17.45 acres), and that the 1972 deed was a forgery. She later added alternative claims that even if the deed was not forged, its execution was acquired through various forms of fraud. Burns responded with additional claims of title through adverse possession. Burns, with Beasley's financial assistance, built a house on the property in 1973, and has lived there to the present time.[3]

Burns moved for summary judgment based on the deed, and alternatively on limitations. Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex.App.-Texarkana 1989, no writ). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985).

■ The judgment here does not specify any particular ground for the summary judgment. In that situation, we affirm the summary judgment if it can be upheld on any ground raised in the motion.

We first look to see if the movant has proven her defensive claims as a matter of law. A forged deed is void *ab initio. Hennessy v. Blair*, 107 Tex. 39, 173 S.W. 871, 874 (1915); *Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 947 (Tex.App.-Houston [1st Dist.] 1993, no writ). Thus, a forged deed passes no title. *Bellaire Kirkpatrick Joint Venture v. Loots*, 826 S.W.2d 205, 207 (Tex.App.-Fort Worth 1992, writ denied). A forged deed lacks effectiveness, and neither consent, waiver, estoppel, implications, delivery, nor recording can give any legal effect to it. *Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 312, 318 (Tex.App.-Houston [14th Dist.] 1994, writ denied). We now decide if the summary judgment evidence conclusively shows that the signature of Hazel Beasley to the deed is not a forgery.

■ A critical factor in our analysis is the existence of deemed admissions. Burns served on Beasley requests for admissions that were never answered. If no timely response is served to requests for admissions, a request is considered admitted without the necessity of a court order. TEX.R. CIV. P. 198.2(c). When Beasley failed to respond to Burns' request for admissions, they were admitted. The effect is that the requests were conclusively established unless, on motion, the court permitted the withdrawal or amendment of the admissions. TEX.R. CIV. P. 198.3; *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 497 (Tex.1991).

■ Burns explicitly relied on the deemed admissions to support her motion for summary judgment. Beasley did not ask the trial court to allow the withdrawal or amendment of the admissions. In such a situation, the deemed admissions constitute judicial admissions, and Beasley is not permitted to introduce testimony to controvert them. *Marshall v. Vise*, 767

---

2. The deed is actually to Sybil Vise, but the evidence shows that Vice divorced and remarried since 1972, and her current name is Sybil Burns.

3. The evidence indicates that Beasley actually paid for the house.

S.W.2d 699, 700 (Tex.1989); *see Shaw v. National County Mut. Fire Ins. Co.,* 723 S.W.2d 236, 238 (Tex.App.-Houston [1st Dist.] 1986, no writ). The court in *Marshall* held that a party relying on an opponent's pleadings as judicial admissions of fact must protect the record by objecting to the introduction of controverting evidence and to the submission of any issue bearing on the facts admitted. That holding, however, was limited to situations involving trial, and has not been extended to require a party to object to controverting affidavits in the context of a motion for summary judgment.[4]

■ In cases involving summary judgments, the trial court cannot consider affidavits offered by the nonmovant to contradict the deemed admissions. *Masterson v. Hogue,* 842 S.W.2d 696, 697 (Tex.App.-Tyler 1992, no writ); *Cherry v. North Am. Lloyds of Texas,* 770 S.W.2d 4, 6 (Tex. App.-Houston [1st Dist.] 1989, writ denied). Thus, the deemed admissions were the controlling evidence before the trial court at the hearing on the motion for summary judgment, and the court could not properly have considered affidavits that attempted to controvert those admissions. *See* 3 McDONALD TEXAS CIVIL PRACTICE § 18:23[d] (1992).

■ In the deemed admissions, Beasley admitted that she had not paid any property taxes since 1973, that the tax statements she had received for her adjoining property specified that she owed taxes only on the residual portion of the property, that Burns had paid taxes on the property since 1973, that she deeded the tract to Burns, that the attached deed was a copy of the instrument, and that her true and correct signature appears on the deed.

There is also summary judgment evidence in the form of an affidavit by a handwriting analyst that compared multiple copies of Beasley's signature to the signature on the deed and concluded that it was indeed Beasley's signature. Beas-

ley herself stated in a deposition that by 1973 she had been informed by the tax office of the transfer of ownership. In another document, an oil and gas lease dated April 19, 1983 and signed by Beasley, she specifically acknowledged that the lease covered only the residual estate remaining after the transfer, because the remaining 17.45 acres had been deeded to Burns on March 6, 1972.

In addition, the notary who acknowledged the deed in 1972 testified that she remembered the transaction, that she remembered an elderly lady who identified herself as Hazel Beasley taking part in the event, and that as required by the statutes controlling the actions of notaries, she would not have acknowledged the document if the signer had not been adequately identified.

In an affidavit attached to her response to the motion for summary judgment, Beasley swore that she did not learn of the deed until May 10, 1995, a statement at odds with both her deposition testimony and her explicit acknowledgment of the deed in the oil and gas lease. She also swore that the signature was a forgery, but then alternatively swore that, without admitting signing the deed, her signature was procured through fraud, duress, or mistake of fact. She also attached affidavits from her son and her brother stating that Beasley had always claimed the entire thirty-seven acre tract, and that it was understood among family members that Burns was to pay Beasley back for the cost of building the house that Burns has occupied since 1972, and that when that occurred, Beasley had agreed to deed the house and an acre of land to Burns.

Under other circumstances, despite the inherent contradictions between Beasley's own statements made at various times and the various documents she executed that acknowledged the sale, these affidavits would be sufficient to defeat a claim for

---

4. *See Parkway Hosp., Inc. v. Lee,* 946 S.W.2d 580, 588 (Tex.App.-Houston [14th Dist.] 1997, writ denied).

summary judgment by raising fact issues. In this case, however, Beasley is bound by her deemed admissions. Thus, the trial court could properly grant summary judgment and find, based on her admissions, that the deed was not forged.

Beasley's admissions also provide evidence that she knew about the transfer, that she was a party to the transfer, and that she was thus aware of the deed and its effect on the date of its execution. Accordingly, her claim that her signature was obtained through fraud, duress, or mistake of fact is defeated by limitations,[5] because she admitted that she knew of the effect and existence of the document over twenty-five years ago.

For the reasons stated, we affirm the judgment.

---

**5.** Tex. Civ. Prac & Rem.Code Ann. § 16.051 (Vernon 1997), providing a four-year statute of limitations for fraud actions.