NO. 12-02-00020-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



JACKSON O. GOSS AND SUSAN GOSS, § APPEAL FROM THE 294TH

APPELLANTS



 § JUDICIAL DISTRICT COURT OF



BOBBY D. ASSOCIATES, AN OHIO

GENERAL PARTNERSHIP,

APPELLEE § VAN ZANDT COUNTY, TEXAS


NO. 12-02-00021-CV



JOHNNY GREEN, § APPEAL FROM THE 294TH

APPELLANT



 § JUDICIAL DISTRICT COURT OF



BOBBY D. ASSOCIATES, AN OHIO

GENERAL PARTNERSHIP,

APPELLEE § VAN ZANDT COUNTY, TEXAS


NO. 12-02-00022-CV



EDWARD N. WALSH AND § APPEAL FROM THE 294TH

LAURA S. WALSH,

APPELLANTS



 V. §JUDICIAL DISTRICT COURT OF



BOBBY D. ASSOCIATES, AN OHIO

GENERAL PARTNERSHIP,

APPELLEE § VAN ZANDT COUNTY, TEXAS


NO. 12-02-00023-CV



DANIEL D. HAMMOND, JR., § APPEAL FROM THE 294TH

AND LISA HAMMOND,

APPELLANTS



 § JUDICIAL DISTRICT COURT OF



BOBBY D. ASSOCIATES, AN OHIO

GENERAL PARTNERSHIP,

APPELLEE § VAN ZANDT COUNTY, TEXAS

 



 Appellants Jackson O. Goss and Susan Goss, Johnny Green, Edward N. Walsh and Laura
Walsh, and Daniel D. Hammond and Lisa Hammond, in four separate appeals, complain of the trial
court's grant of summary judgment in favor of Appellee Bobby D. Associates, an Ohio general
partnership ("BDA"). We affirm. Because the outcome of these cases depends on our determination
of common issues, we consider Appellants' issues together and deliver one opinion.


Background

 By four separate contracts entitled "Contract for Deed," Jackson O. Goss and Susan Goss,
Johnny Green, Edward N. Walsh and Laura Walsh, and Daniel D. Hammond and Lisa Hammond
(collectively "Appellants") agreed to purchase certain commercial real estate lots (the "lots") from
Wild Willie II Corporation ("Wild Willie"). Under the terms of the contracts, Appellants agreed to
pay the purchase price and accrued interest in monthly installments and Wild Willie agreed to
convey the lots to the respective purchasers when the purchase price was paid in full. After
Appellants executed the subject contracts, Wild Willie conveyed the lots to The Cadle Company,
who in turn conveyed the lots to BDA. Appellants ceased making payments to BDA and went into
default under the terms of their respective contracts. In order to enforce the contracts, BDA sued
Appellants in four separate lawsuits, alleging breach of contract. (1) Appellants, acting pro se, filed
answers to BDA's allegations. BDA filed a motion for summary judgment in each case, arguing that
it was entitled to judgment as a matter of law on its breach of contract claim. Appellants filed
identical written responses to the motions. The trial court granted summary judgment to BDA and
ordered Appellants to pay the balance owed on their respective contracts. (2) 

 

Motion for Summary Judgment

Standard of Review

 The standard of review for a summary judgment requires that the party with the burden of
proof show it is entitled to judgment by establishing each element of its claim or defense as a matter
of law, or by negating an element of a claim or defense of the opposing party as a matter of law. 
Martin v. Harris County Appraisal Dist., 44 S.W.3d 190, 193 (Tex. App.- Houston [14th Dist.]
2001, pet. denied); Tex. R. Civ. P. 166a(c). When a motion for summary judgment raises multiple
grounds, we may affirm if any ground is meritorious. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d
623, 625 (Tex. 1996); Hanson v. Republic Ins. Co., 5 S.W.3d 324, 327 (Tex. App.-Houston [1st
Dist.] 1999, pet. denied). Since the burden of proof is on the movant, and all doubts about the
existence of a genuine issue of material fact are resolved against the movant, we must view the
evidence and its reasonable inferences in the light most favorable to the non-movant. See Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). The only
question is whether or not an issue of material fact is presented. See Tex. R. Civ. P. 166a(c).

 Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any issues that
would preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678-79 (Tex. 1979). Where summary judgment does not specify the grounds on which
it was granted, the non-movant on appeal must show that each ground alleged in the motion is
insufficient to support it. Duran v. Furr's Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex. App.-El
Paso 1996, writ denied).


BDA's Right to Judgment as a Matter of Law

 In its motion for summary judgment, BDA argued that it was entitled to judgment as a matter
of law because it had conclusively established all of the necessary elements of its breach of contract
claim against Appellants. The elements of breach of contract are (1) the existence of a valid
contract, (2) the performance or tendered performance by the claimant, (3) a breach of the contract
by the defendant, and (4) damages resulting from that breach. Southwell v. University of Incarnate
Word, 974 S.W.2d 351, 354-55 (Tex. App.-San Antonio 1998, pet. denied). 

 To support its claim for breach of contract in each case, BDA attached the contract, various
affidavits, and a copy of its First Requests for Admissions to Appellants, which went unanswered
and were deemed admitted. Tex. R. Civ. P. 198.2(c). This evidence established that valid contracts
were executed by Appellants and that BDA tendered performance under the contracts after
Appellants stopped making payments by offering to convey the lots to Appellants by special
warranty deed in exchange for the execution of a real estate lien note and a deed of trust. However,
these documents were not executed by Appellants. The evidence also established that Appellants
failed to make the required payments and that BDA suffered damages in the total amount of the
unpaid balances of the contracts. BDA met its burden of producing sufficient evidence on every
element of its breach of contract claim against each Appellant; therefore, BDA established that it was
entitled to judgment as a matter of law. 

 Appellants impliedly request that we disregard their deemed admissions and argue that due
to their ignorance of the law, their failure to file responses to the requests for admissions should be
excused. Ignorance of the law is no excuse. Cherokee Water Co. v. Forderhause, 727 S.W.2d 605,
615 (Tex. App.-Texarkana 1987), rev'd on other grounds, 741 S.W.2d 377 (Tex. 1987). The effect
of Appellants' failure to file responses is that the matters admitted were conclusively established
unless, on motion, the court permitted the withdrawal or amendment of the admissions. Tex. R. Civ.
P. 198.3. Appellants took no action to withdraw their deemed admissions; therefore, Appellants
waived any error in the trial court's consideration of the deemed admissions. Tex. R. App. P.
33.1(a). Furthermore, a pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759
(Tex. App.-Amarillo 1998, pet. denied); Greenstreet v. Heiskell, 940 S.W.2d 831 (Tex.
App.-Amarillo 1997, no pet.). If a pro se litigant is not required to comply with the applicable rules
of procedure, he would be given an unfair advantage over a litigant who is represented by counsel.
Id. at 835. Therefore, Appellants' excuse for not answering BDA's requests for admissions is
meritless, and the deemed admissions are part of the summary judgment record.

 Once the movant establishes its entitlement to a summary judgment, the burden of proof
shifts to the non-movant to present evidence raising a question of fact in support of its claim or
defense. State v. Durham, 860 S.W.2d 63, 68 (Tex. 1993). Mere conclusory statements do not
constitute effective summary judgment proof. Id. Once BDA established that it was entitled to
judgment, the burden shifted to Appellants to raise a question of fact. To support their contention
that a fact issue remains, Appellants argue that BDA should not have been granted summary
judgment because it lacked standing to assert its cause of action and because the signatures on the
contract were procured by fraud. 

Standing

 Appellants assert that BDA does not have standing to bring any cause of action in Texas
courts of law because it "does not exist in the state of Ohio" and has never obtained the necessary 
certificate of authority from the Texas Secretary of State as a prerequisite for proceeding with its
cause of action in Texas state courts. In support of this argument, Appellants attached to their
responses to BDA's motion for summary judgment a copy of a certification from the Ohio Secretary
of State that its records were devoid of any such "Ohio corporation, Foreign Corporation, Ohio
Limited Liability Company, Foreign Limited Liability Company, Ohio Limited Partnership, Foreign
Limited Partnership, Ohio Limited Liability Partnership, Foreign Limited Liability Partnership,
Trade Name Registration, or Report of Use of Fictitious Name, either active or inactive, known as
BOBBY D. ASSOCIATES." Appellants also attached a certification from the Texas Secretary of
State reporting that none of its records revealed any mention of a foreign corporation, limited
partnership, or limited liability company on file with the name of "BOBBY D. ASSOCIATES." 

 In response, BDA argues that it is a general partnership and not a corporation. BDA asserts
that as a general partnership, it is not required to register with either the Texas or Ohio Secretary of
State because no law in either state mandates that a general partnership register with the secretary
of state. 

 In support of their argument that BDA lacks standing, Appellants cite article 8.18(A) of the
Texas Business Corporation Act. Article 8.18(A) states that no foreign corporation that has
conducted or is conducting business in Texas without a certificate of authority shall be permitted to
maintain any action in any court of this state on any cause of action arising out of the transaction of
business in this state until the corporation has obtained a certificate of authority. Tex. Bus. Corp.
Act Ann. art. 8.18(A) (Vernon 1980).

 For Appellants' argument to have merit (and for article 8.18(A) to apply), BDA must be a
"foreign corporation." A "foreign corporation" is defined as "a corporation for profit organized
under the laws other than the laws of this state." Tex. Bus. Corp. Act Ann. art. 1.02(A)(14)
(Vernon 1980). The record reflects that BDA's partnership agreement describes BDA as an Ohio
"general partnership"and is not "a corporation for profit organized under the laws" of Ohio. Since
BDA is not a "foreign corporation," article 8.18(A) does not apply.

 Even if BDA were a "foreign corporation," it would have standing to assert its cause of
action. A foreign corporation is required to obtain a certificate of authority only if it is "transacting
business" in Texas. Tex. Bus. Corp. Act Ann. art. 8.01(A) (Vernon 1980). Under article
8.01(B)(8) of the Texas Business Corporation Act, 


 [a] foreign corporation shall not be considered to be transacting business in this state, for the purposes
of [the Business Corporation Act], by reason of carrying on in this state any one or more of the
following activities: 

 . . . 

 (8) Securing or collecting debts due to it or enforcing any rights in property securing the same. 



Tex. Bus. Corp. Act Ann. art. 8.01(B)(8) (Vernon Supp. 2002). In filing its actions against
Appellants, BDA is attempting to collect debts owed by Appellants. Accordingly, even if BDA were
a "foreign corporation," it would have standing to bring these suits without first obtaining a
certificate of authority. See In re Hibernia Nat'l Bank, 21 S.W.3d 908, 910 (Tex. App.-Corpus
Christi 2000, no pet.).

 Furthermore, the Texas Revised Partnership Act governs partnerships in the State of Texas,
and does not require an out-of-state partnership to register with the Texas Secretary of State before
filing an action in a Texas court. The law governing partnerships in Ohio also does not require a
partnership to register with the Ohio Secretary of State at any time. See Ohio Rev. Code Ann. §
1775 (Anderson 2002). Appellants' sole issue, as it relates to standing, is overruled.

Fraud

 Appellants next argue that the signatures on the contract for deed are not genuine and were
procured by fraud. To defeat BDA's motion for summary judgment, Appellants had the burden to
come forth with some evidence on each element of their affirmative defense of fraud. Allbritton v.
Henry S. Miller Co., 608 S.W.2d 693, 695 (Tex. Civ. App.-Dallas 1980, writ ref'd n.r.e.). The
elements of common-law fraud are that (1) a material representation was made, (2) the representation
was false, (3) when the representation was made, the speaker knew it was false or made the
statement recklessly without any knowledge of truth and as a positive assertion, (4) the
representation was made with the intention that it be acted upon by the other party, (5) that party
acted in reliance upon the representation, and (6) that party suffered injury. Johnson & Higgins,
Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). 

 Appellants are correct in their assertion that an allegation of fraud will raise a fact issue
necessary to defeat a summary judgment. They are incorrect, however, that an allegation of fraud,
without more, will defeat a summary judgment. As proof of fraud, Appellants offer a document
purported to be an "affidavit" of Douglas F. Martinek, the former vice-president of Wild Willie. 
BDA filed written objections to both the form and substance of the "affidavit," arguing inter alia that
the document (1) is not made on Mr. Martinek's personal knowledge as required by rule 166a(f) of
the Texas Rules of Civil Procedure, (2) does not affirmatively show that Mr. Martinek was
competent to testify to the matters stated therein, (3) contains inadmissible hearsay, and (4) contains
conclusory statements that lack a proper predicate. The trial court sustained BDA's objections to
the "affidavit" and other summary judgment evidence in one of the cases, but did not rule on BDA's
objections orally or in writing in the other three cases. (3) BDA maintains that its objections to Mr.
Martinek's "affidavit" in the other three cases were "implicitly sustained" by the trial court in its
grant of summary judgment. We need not decide whether BDA's objections to Martinek's
"affidavit" were implicitly sustained because the document was not competent summary judgment
evidence; therefore, BDA did not have to object to the "affidavit" to keep it from being considered
by the trial court. See Beasley v. Burns, 7 S.W.3d 768, 770 (Tex. App.-Texarkana 1999, pet.
denied). 

 The only piece of evidence Appellants rely on to substantiate their fraud claims is a portion
of Martinek's "affidavit" where he states, "I suspect that some of the signatures on the Contract of
Deeds are not genuine." However, Appellants admitted that their true and correct signatures were
on the contracts for deed through their deemed admissions. The trial court cannot consider affidavits
offered by the non-movant to contradict deemed admissions in cases involving summary judgments. 
Id. Therefore, the deemed admissions were the controlling evidence before the trial court, and the
court could not properly have considered Martinek's "affidavit" that attempted to controvert
Appellants' deemed admissions. Id.

 Appellants have not presented any evidence on any of the elements of fraud. Therefore,
Appellants have not met their burden of establishing that a genuine issue of material fact exists on
their affirmative defense of fraud. Appellants' sole issue, as it relates to fraud, is overruled.

 

Conclusion

 Appellants failed to raise a genuine issue of material fact; therefore, the trial court did not err
in granting summary judgment in favor of BDA.

 The trial court's judgment is affirmed.


Opinion delivered August 26, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.









(PUBLISH)
1. BDA named Appellants as defendants in the following actions: Jackson O. Goss and Susan Goss (Cause
No. 00-00168); Johnny Green (Cause No. 00-00180); Edward N. Walsh and Laura Walsh (Cause No. 00-00204);
and Daniel D. Hammond and Lisa Hammond (Cause No. 00-00205).
2. Only the Gosses and Green appeared and argued at their summary judgment hearings; the Walshes and
Hammonds did not attend their summary judgment hearings. 
3. The trial court sustained the objections to the affidavit at the hearing on the motion for summary judgment
in Mr. Green's case and did not rule on the objections at the hearing on the motion in the Gosses' case. The court
also did not rule on BDA's objections in the Walshes' or the Hammonds' case. In his brief, Mr. Green did not
challenge the court's ruling striking his summary judgment evidence; therefore, we are precluded from considering
the evidence on appeal. See Rayl v. Borger Economic Dev. Corp., 963 S.W.2d 109, 113 (Tex. App. -Amarillo
1998, no pet.)