**Jimmy R. NEAL, Appellant**

**v.**

**WISCONSIN HARD CHROME, INC., d/b/a Texas Hard Chrome, Inc. and/or Texas Hard Chrome, Inc., Appellee.**

No. 06–05–00049–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 6, 2005.

Decided Sept. 29, 2005.

E. Ben Franks, Law Offices of E. Ben Franks, Texarkana, for appellant.

Brent M. Langdon, Holman & Langdon, LLP, Texarkana, Rick Harrison, Fritz, Byrne, Head & Harrison, LLP, Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Jimmy R. Neal appeals from a summary judgment taken against him in his personal injury lawsuit against Wisconsin Hard Chrome, Inc., d/b/a Texas Hard Chrome, Inc. and/or Texas Hard Chrome, Inc. (Chrome). He alleged that Chrome's negligence exposed him to heavy metals, chemicals, and other toxic substances, while Chrome asserted that the action was barred because Chrome was a subscriber under the Workers' Compensation Act, and thus Neal's exclusive remedy was under the Act. Neal contends that Chrome was not his employer and that Chrome was thus subject to tort liability for its negligence in exposing Neal to deadly toxins.

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002).

The issue in this case is whether the summary judgment evidence establishes as a matter of law that Neal was a joint or dual employee of Scot Industries and Chrome. The evidence shows that in 1976 Scot Industries created a business entity identified as Wisconsin Hard Chrome (which was also d/b/a Texas Hard Chrome, Inc.) and that Chrome leased space inside the Scot Industries manufacturing facility and chrome plated items made by Scot for

sale. It is undisputed that both Scot Industries and Chrome were subscribers under the Workers' Compensation Act.

The Act defines "employee" as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." TEX. LABOR CODE ANN. § 401.012(a) (Vernon Supp. 2004–2005).

The summary judgment evidence shows:
- Two possible employers are involved.
- Neal sought worker's compensation benefits through Scot Industries.
- Chrome contracted for the hire of Neal through Scot Industries—which paid for his labor.
- Chrome did not directly pay the salary of any employee.
- In response to requests for admissions, Chrome admitted Neal has never been an employee of Wisconsin Hard Chrome d/b/a Texas Hard Chrome or of Scot Hone Corp.[1]

The Texas Supreme Court recently addressed in *Wingfoot Enterprises v. Alvarado* the concept of having more than one employer of an employee. *Wingfoot Enters. v. Alvarado,* 111 S.W.3d 134, 139–40 (Tex.2003). In that opinion, the court recognized the exclusive remedy provision of the Act as providing that, where a worker is an employee of one entity for some purposes, and of another entity for some purposes, neither the statutory definition of "employer" or "employee" forecloses the possibility that there may be more than one employer. This reasoning undoes a prior line of cases suggesting that, because only one employer could exist, any others were necessarily third parties to the act that caused the injury (and thus liable under common-law remedies). After

*Wingfoot,* it is clear that the dual-employment theory has prevailed and that the question of who actually controlled the acts of the employee is not a factor of particular importance—and that an employee can indeed be the servant of two employers in a number of factual scenarios.

The Texas Supreme Court also held that, based on the provisions of the Act, the injured "employee should be able to pursue workers' compensation benefits from either" and that, "[i]f either has elected not to provide coverage, but still qualifies as an 'employer' under the Act, then that employer should be subject to common law liability without the benefit of the defenses enumerated in section 406.033." *Garza v. Exel Logistics, Inc.,* 161 S.W.3d 473, 475 (Tex.2005) (quoting *Wingfoot,* 111 S.W.3d at 143).

■ It is therefore clear that it is possible for both Chrome and Scot to be Neal's employers for purposes of the Act. It is also clear that, because both entities were covered by workers' compensation, employees (as defined by the Act) of both entities can only recover under the terms of the Act. It is also clear that an employee of one company who is under a contract of hire to the other company, when both have workers' compensation coverage, is as a matter of law restricted to recovery under the Act. *Garza,* 161 S.W.3d at 473; *Wingfoot,* 111 S.W.3d at 134.

The question in this case is whether there is a fact issue on whether Chrome placed itself outside the protection of the Act by affirmatively stating in its responses to requests for admissions that Neal has never been its employee.

1. According to the affidavit of Steven L. Wilmeth filed by Chrome in support of its motion for summary judgment, Scot Hone Corporation was a wholesale supplier of materials for Scot Industries at the time of the events giving rise to this suit.

■ Any matter admitted in response to a request for admissions is conclusively established unless the court on motion permits withdrawal or amendment of the admission. TEX.R. CIV. P. 198.3; *Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989). It constitutes a judicial admission, and the answering party may not then introduce evidence to controvert it. *Marshall,* 767 S.W.2d at 700; *Beasley v. Burns,* 7 S.W.3d 768, 769 (Tex.App.-Texarkana 1999, pet. denied). Further, in cases involving summary judgments, the trial court cannot consider affidavits offered by the nonmovant to contradict the deemed admissions. *Beasley,* 7 S.W.3d at 770; *Cherry v. N. Am. Lloyds of Tex.,* 770 S.W.2d 4, 6 (Tex. App.-Houston [1st Dist.] 1989, writ denied); *see Masterson v. Hogue,* 842 S.W.2d 696, 697 (Tex.App.-Tyler 1992, no writ). These concepts, however, apply only to answers to a request for admissions about facts. Answers merely constituting admissions of law are not binding on the court. *Am. Title Co. v. Smith,* 445 S.W.2d 807, 809-10 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ).

The term "employee" has a technical meaning as defined by the Labor Code, and that definition is what Neal now seeks to apply to Chrome's admission. However, that definition does not automatically apply to discovery requests, and Neal did not adopt that definition, or any other, in his request. The term "employee" can have different meanings in different contexts. Chrome objected to the request for admissions on the basis that it lacked specificity as to the term and answered the request subject to the objection. Neither party requested a ruling on the objection, and the rules provide that a party need not request a ruling on its own objection to preserve that objection. TEX.R. CIV. P. 193.4(b).

■ A question asking whether a person is an employee of a company at a particular time would ordinarily be a request to admit a factual matter. Under Neal's theory of the case as articulated before the trial court and on appeal, however, the request asks Chrome to admit a legal conclusion—that Neal has never been an employee *for workers' compensation purposes.* Requestors may not compel parties to answer legal conclusions. *Credit Car Ctr., Inc. v. Chambers,* 969 S.W.2d 459, 464 (Tex.App.-El Paso 1998, no pet.); *see Gore v. Cunningham,* 297 S.W.2d 287, 291 (Tex.Civ.App.-Beaumont 1956, writ ref'd n.r.e.). And such conclusions do not bind the court. *Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries,* 844 S.W.2d 857, 858-59 (Tex.App.-Texarkana 1992, writ denied). A deemed admission of a purely legal issue is of no effect. *Id.*

Under this state of the record, Chrome's admissions had no effect. Thus, Chrome conclusively proved that it was an employer of Neal and that he was covered by workers' compensation insurance while in its employ. Under the authorities cited above, that is sufficient to show that Neal's exclusive remedy was through the workers' compensation system.

We affirm the judgment.

Dissenting Opinion by Justice CARTER.

CARTER, Justice, dissenting.

Wisconsin Hard Chrome admitted Jimmy Neal was never its employee and objected that the term "employee" lacked specificity.

A request to admit or deny that a particular person was an employee of one of the parties at the time of the accident has routinely been utilized. *See Hughes Wood Prods., Inc. v. Wagner,* 18 S.W.3d 202, 208 n. 4 (Tex.2000); *United States Fire Ins.*

*Co. v. Maness,* 775 S.W.2d 748, 749–50 (Tex.App.-Houston [1st Dist.] 1989, writ ref'd); *Smith v. Univ. of Tex.,* 664 S.W.2d 180, 189 (Tex.App.-Austin 1984, writ ref'd n.r.e.); *Ill. Employers Ins. Co. v. Lewis,* 582 S.W.2d 242, 244 (Tex.Civ.App.-Beaumont), *writ ref'd n.r.e.,* 590 S.W.2d 119 (Tex.1979); *Missouri–Kansas–Texas R.R. Co. v. Franks,* 399 S.W.2d 905, 907 (Tex. Civ.App.-Dallas 1966, writ dism'd by agr.); *Halbert v. Sylestine,* 292 S.W.2d 135, 138 (Tex.Civ.App.-Beaumont 1956, no writ). One court even chastised a party for attempting to evade such a question. *Sanchez v. Caroland,* 274 S.W.2d 114, 115–17 (Tex.Civ.App.-Fort Worth 1954, no writ) (the question as to whether the person operating Sanchez' truck was in the course of Sanchez' employment was a matter about which Sanchez should be fully informed, or at least should have been in a position to ascertain the facts by reasonable inquiry). The majority opinion acknowledges that such a question is ordinarily a request to admit a factual matter. However, without citation to any authority that such an admission is a legal conclusion, the majority concludes that this request calls for a legal conclusion. I disagree.

The majority opinion states that Neal seeks to use Chrome's admission to lead to the legal conclusion that Neal was never Chrome's employee for the purposes of workers' compensation. The fact that Neal wants to use the admission for that purpose does not make the admission a legal conclusion. The admission is a factual one—Neal never worked for Chrome. A court is presented with facts on which it relies to arrive at legal conclusions. Here, Neal established the fact that he was not an employee of Chrome. It is the Court's function to determine the legal effect of that fact.

The majority opinion states that Chrome objected to the request on the basis it lacked specificity. While that is true, it has no bearing on whether the question called for a legal conclusion. The relevance of that objection simply is that the term "employee" could be argued to have several definitions and none was specified. If the term "employee" as used in this context is vague or nonspecific, then a very good argument is available that the admission is not specific enough to lead to the conclusion that Neal was not an employee of Chrome for workers' compensation purposes. In fact, Chrome makes such an argument—that its admission concerning Neal's employment status only meant that Chrome did not issue Neal's paychecks.

In this case, Neal alleged that he suffered exposure to toxic substances on the premises of Chrome and that Chrome was negligent and that negligence was a proximate cause of Neal's injuries. Chrome answered, asserting that Neal's claim was barred and that Neal's exclusive remedy was through the Texas Workers' Compensation Act. In these circumstances, I find that the request was specific. Chrome was defending Neal's claim based on the Workers' Compensation Act, which includes a specific definition of "employee." That definition is not a technical term needing further clarification (each person in the service of another under a contract of hire), but is a term commonly used and understood. Such admissions have been recognized by Texas courts for many years.

I would find that the admission is binding and raises material facts which preclude the granting of summary judgment. I respectfully dissent.