**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed October 13, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00780-CV

### JOHN GIRALDO, Appellant

### V.

### JUAN J. JIMENEZ PAVIA, Appellee

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 950135**

## MEMORANDUM OPINION

John Giraldo brings this restricted appeal from the trial court's grant of summary judgment favoring Juan J. Jimenez Pavia. Pavia sued Giraldo based primarily on Giraldo's failure to return a security deposit on rental property. In its summary judgment order, the trial court awarded Pavia damages and attorney's fees. On appeal, Giraldo contends that the court below erred in granting summary judgment and in awarding attorney's fees. We reverse and remand the portion of the judgment awarding attorney's fees to Pavia and affirm the remainder of the judgment.

## I. Background

The parties agree that they entered into a one-year lease agreement around the end of April or beginning of May 2008. Giraldo was the landlord and Pavia was the tenant. At some point, Pavia informed Giraldo that he would not be renewing the lease at the end of the term; Pavia then subsequently moved out, but Giraldo never returned Pavia's security deposit.

In October 2009, Pavia filed suit, alleging Giraldo wrongfully withheld the security deposit in violation of the Texas Property Code. Pavia further alleged that Giraldo breached the lease agreement by failing to return the security deposit. Pavia sought damages, attorney's fees, and costs.

On November 19, 2009, the trial court received a letter from Giraldo stating that he disputed Pavia's allegations and that he had a policy that all pet owners had to agree to a "pet agreement" and post a "pet deposit." He further indicated that such requirements were in the lease agreement and that Pavia had been informed of them. He stated that fees and penalties were assessed against Pavia and that he (Giraldo) currently lived in Florida, making it hard to travel to Houston for court. The word "Answer" is handwritten on the letter, and the parties appear to agree that the court treated the letter as Giraldo's answer in the lawsuit.

On March 10, 2010, Pavia filed a motion for summary judgment. In the motion, he pointed out that under section 92.109 of the Property Code, a landlord who in bad faith retains a security deposit, in violation of that subchapter of the code, is liable for (1) $100, (2) three times the amount of the deposit wrongfully withheld, and (3) reasonable attorney's fees. As grounds for judgment, Pavia asserted that there were no genuine issues of material fact remaining in the case. In support of this claim, Pavia referenced his own affidavit and a set of deemed admissions, *i.e.*, requests for admissions that were duly served but for which Giraldo failed to offer a response. Giraldo did not respond in any fashion to the motion for summary judgment.

2

In his affidavit, Pavia asserted that on May 1, 2009, he signed a one-year lease agreement with Giraldo. On March 15, 2009, he received a lease renewal notice from Giraldo, and on March 24, 2009, he mailed back his notice of nonrenewal of the lease and provided a forwarding address. By April 30, he had cleaned the property to the same condition as when he moved in and vacated the premises. During early May, he made repeated calls to Giraldo but failed to get a return call. Sometime around the second week in May, Pavia spoke with Monica Liloy, Giraldo's wife, and she told him that the apartment was fine and the deposit would be returned after June 1. Several weeks into June, Pavia left more messages for Giraldo and was eventually told that the check was in the mail (although he does not indicate who told him that). Pavia subsequently sent a notice of wrongful withholding and thereafter received a demand letter from Giraldo alleging a $2,520 penalty for having had a pet on the premises for 242 days without having paid a pet deposit.

The request for admissions sought admission that Giraldo was the landlord for the property in question and entered into a lease agreement with Pavia. In the request, Pavia further sought to establish that he paid a security deposit of $1,100, gave notice of non-renewal, left the property in the same or better condition, and surrendered the property by April 30, 2009. Additionally, in the request, Pavia sought admissions that Giraldo or his agent had inspected the property, discovered no problems, and told Pavia on the phone that he would be receiving his security deposit. Lastly, the request sought admissions that Giraldo owed Pavia a refund of $1,100, was liable for treble damages for failing to timely refund the money, and acted in bad faith in failing to do so.

Also attached to the motion was an affidavit from Pavia's attorney stating that reasonable and necessary attorney's fees in the case amounted to $8,500 and that specified other amounts would be necessary if a writ of execution became required for collection of the judgment or if Giraldo were to unsuccessfully appeal the judgment. This affidavit, however, was not notarized.

3

In its judgment, signed April 20, 2010, the trial court stated that there were no genuine issues of material fact remaining on Pavia's cause of action for wrongfully withholding a security deposit in violation of Property Code sections 91.001, 92.103, 92.104, and 92.109. The court also noted the deemed admissions and awarded Pavia $3,400 in damages, along with $8,500 in attorney's fees, pre- and post-judgment interest and court costs, and additional attorney's fees for collection and in the event an appeal was unsuccessfully pursued by Giraldo.[1]

On August 4, 2010, Giraldo filed a notice of restricted appeal under Texas Rule of Appellate Procedure 30. In the notice, he acknowledged that he did not participate in the summary judgment proceedings and failed to file any post-judgment motions or a timely notice of appeal. In his appellate brief, Giraldo contends that (1) genuine issues of fact exist which preclude affirming the summary judgment, (2) the trial court erred in granting attorney's fees to Pavia because Pavia's attorney's affidavit was not notarized and the fees were excessive, and (3) summary judgment was improvidently granted because Pavia and his attorney acted in bad faith in pursuing the lawsuit. In a reply brief, appellant additionally argues that he never received the requests for admissions which the trial court deemed admitted. We will address each argument in turn.

## II. Genuine Issues of Material Fact

In his first issue, Giraldo contends that genuine issues of material fact exist regarding Pavia's claim for recovery of the security deposit; thus, the trial court erred in granting summary judgment favoring Pavia. Because Giraldo brings a restricted appeal

---

[1] Although the trial court's judgment does not explicitly address Pavia's breach of contract claim, Pavia expressly waived any causes of action or relief not addressed in his motion for summary judgment. Furthermore, the judgment contains unequivocal language of finality. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005).

under Rule 30, he can prevail only if he demonstrates that error exists on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).[2]

In proceedings on a traditional motion for summary judgment, such as that filed by Pavia, the movant has the burden to show that there is no genuine issue of material fact and he or she is entitled to judgment as a matter of law. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether a fact issue exists precluding summary judgment, evidence favorable to the non-movant is taken as true, and all reasonable inferences are carried in the non-movant's favor. *Id.* at 548–49. If there is no genuine issue of material fact, summary judgment should issue as a matter of law. *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001). We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Pavia's cause of action is governed by section 92.109 of the Texas Property Code, which reads as follows:

> (a) A landlord who in bad faith retains a security deposit in violation of this subchapter is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit.
>
> (b) A landlord who in bad faith does not provide a written description and itemized list of damages and charges in violation of this subchapter:
>
>> (1) forfeits the right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises; and
>>
>> (2) is liable for the tenant's reasonable attorney's fees in a suit to recover the deposit.
>
> (c) In an action brought by a tenant under this subchapter, the landlord has the burden of proving that the retention of any portion of the security deposit was reasonable.

---

[2] There are other requirements for a restricted appeal, but they are not at issue in the present case. *See Alexander*, 134 S.W.3d at 848.

5

(d) A landlord who fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith.

Tex. Prop. Code § 92.109. The statute provides different consequences depending on the conduct of the landlord. Under subsection (a), if a landlord retains a security deposit in bad faith and in violation of the subchapter, that landlord will be liable for $100, three times the amount wrongfully withheld, and the tenant's reasonable attorney's fees. Tex. Prop. Code § 92.109(a). Under subsection (b), if the landlord in bad faith fails to provide a written description and itemized list of damages and charges in violation of the subchapter, that landlord will forfeit the right to withhold any amount or to bring suit for damages to the premises and will be liable for the tenant's reasonable attorney's fees in a suit to recover the deposit. *Id*. § 92.109(b). Here, the trial court's judgment was clearly based on subsection (a) because the court awarded damages consistent with that section.

Other sections of the Property Code outline the rules governing the return of security deposits. Under section 92.103, a landlord is required to refund a security deposit within 30 days from the date the tenant surrenders the property, provided the tenant has provided a forwarding address, as stated in section 92.107. Tex. Prop. Code §§ 92.103(a), 92.107(a). Section 92.104 permits a landlord to deduct from a security deposit damages and charges for which the tenant is legally liable. *Id*. § 92.104(a). That section also requires a landlord to provide a written description and an itemized list of all such deductions. *Id*. §92.104(c).

Under subsection 92.109(d), a landlord is presumed to have acted in bad faith if the landlord either fails to return a deposit or provide an itemized list of deductions within 30 days of surrender of possession. *Id*. § 92.109(d). Accordingly, a tenant can establish a prima facie case of bad faith retention by demonstrating that the landlord failed to return the deposit or provide the itemized list within 30 days of the tenant's surrender. *Hardy v. 11702 Mem'l, Ltd.*, 176 S.W.3d 266, 271 (Tex. App.—Houston [1st

6

Dist.] 2004, no pet.). A landlord can rebut the presumption of bad faith by presenting evidence of his good faith, *i.e.*, honesty in fact in the conduct or transaction. *Id.* In the absence of rebutting evidence, a tenant's prima facie case of bad faith retention compels a finding that the landlord acted in bad faith. *See id.*

In support of his motion for summary judgment, Pavia provided his own affidavit and a set of deemed admissions. Pavia's affidavit was clear, positive, direct, free from contradictions and inconsistencies, and could have been readily controverted. *See* Tex. R. Civ. P. 166a (authorizing use of testimonial evidence by interested party if certain conditions are met). Unanswered requests for admission are automatically deemed admitted unless the court permits withdrawal or amendment. Tex. R. Civ. P. 198.2; *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) (discussing former Rule 169). Once an admission is admitted or deemed admitted, it becomes a judicial admission, and a party may not introduce evidence to contradict it. *Marshall*, 767 S.W.2d at 700; *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 812 (Tex. App.—Waco 2007, no pet.); *Beasley v. Burns*, 7 S.W.3d 768, 769-70 (Tex. App.—Texarkana 1999, pet. denied). Deemed admissions are competent as summary judgment evidence. *Acevedo v. Comm'n for Lawyer Discipline*, 131 S.W.3d 99, 105 (Tex. App.—San Antonio 2004, pet. denied); *Rowlands v. Unifund CCR*, No. 14-05-01122-CV, 2007 WL 1395101, at *3 (Tex. App.—Houston [14th Dist.] March 27, 2007, no pet.) (mem. op.).

Based on the affidavit and deemed admissions, Pavia demonstrated that (1) he and Giraldo entered into a lease agreement under which he paid Giraldo a security deposit of $1,100; (2) on March 24, 2009, Pavia gave Giraldo written notice of his forwarding address; (3) on April 30, 2009, Pavia surrendered possession of the leased premises; and (4) Giraldo failed to either return the deposit or provide a written description and itemized list of deductions within 30 days of Pavia's surrender of the premises. Thus, Pavia established a prima facie case of bad faith retention. The burden therefore shifted to Giraldo to present evidence rebutting the presumption. *See Hardy*, 176 S.W.3d at 272-

7

73. Giraldo, however, failed to file either responsive argument to Pavia's motion for summary judgment or any evidence to rebut Pavia's prima facie case.

On appeal, Giraldo argues that the trial court should have considered a defense that he allegedly raised in his letter to the trial court, which the court treated as an answer. In the letter, Giraldo suggested that he had a right to retain the security deposit because Pavia owed fees and penalties based on his violation of pet policies contained in the lease. However, Giraldo's answer is not summary judgment evidence and cannot raise a fact issue precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (stating that pleadings are not summary judgment evidence and should not be considered in determining whether the summary judgment evidence raises a genuine issue of material fact).

Also. in his briefing, Giraldo cites to the lease agreement, attached as an appendix to his initial brief, and to a statement in Pavia's motion for summary judgment, asserting that at one point (after 30 days from surrender of the premises) Pavia received a letter from Giraldo regarding a $2,520 penalty for having a pet without paying a pet deposit. Although not cited by Giraldo, Pavia's affidavit also mentions that he received such a letter. None of these items, however, constituted summary judgment evidence sufficient to rebut Pavia's prima facie case of bad faith retention. The lease agreement was not presented to the trial court as summary judgment evidence. *See, e.g., Young v. Gumfory*, 322 S.W.3d 731, 738 (Tex. App.—Dallas 2010, no pet.) (explaining that appellate review of summary judgment is limited to the evidence before the trial court when it granted judgment). Pavia's statements in his pleading and affidavit only acknowledge receipt of a letter, not that Giraldo had any meritorious basis for retaining the security deposit. The summary judgment evidence showed that Pavia received this letter more than 30 days after Pavia surrendered possession of the leased premises. These documents do not create a fact issue in response to the statements in Pavia's affidavit and the deemed admissions establishing a prima facie case of bad faith retention.

8

In light of the fact that Pavia established a prima facie case of bad faith retention and Giraldo failed to bring forth rebutting evidence, the trial court did not err in granting summary judgment for Pavia.  We overrule Giraldo's first issue.

### III.  Attorney's Fees

In his second issue, Giraldo contends that the trial court erred in awarding attorney's fees to Pavia because there was no evidence to support the award.  In his third issue, Giraldo challenges the trial court's prospective award of attorney's fees should there be a need for post-judgment discovery or writ of execution or an appeal.  In his appellate briefing, Pavia concedes that these awards were not supported by competent evidence.  And we concur.  The affidavit submitted by Pavia in support of attorney's fees was not notarized and thus was not competent summary judgment evidence.  *See Medford v. Medford*, 68 S.W.3d 242, 246-47 (Tex. App.—Fort Worth 2002, no pet.); *Coastal Cement Sand Inc. v. First Interstate Credit Alliance, Inc.*, 956 S.W.2d 562, 567 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).[3]  Because this is a substantive defect, Giraldo's failure to object to this defect in the trial court does not prevent Giraldo from raising this defect on appeal.  *See Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 889 (Tex. App.—Houston [14th Dist.] 1987, no writ). Consequently, as Pavia did not conclusively prove the amount of his reasonable attorney fees, we sustain Giraldo's second and third issues.

### IV.  Bad Faith or Harassing Litigation

In his fourth issue, Giraldo contends that the trial court improperly granted summary judgment because Pavia's lawsuit is groundless and was filed in bad faith and for purposes of harassment.  Although Giraldo does not cite Texas Rule of Civil

---

[3] We note that, effective September 1, 2011, the Texas Legislature has amended section 132.001 of the Texas Civil Practice and Remedies Code to greatly expand the use of unsworn declarations.  Act of June 17, 2011, 82nd R.S., ch. 847, 2011 Tex. Sess. Law Serv. (West) (amending Tex. Civ. Prac. & Rem. Code § 132.001 and repealing §§ 132.002-.003).  We take no position, however, regarding whether Pavia's attorney's unsworn affidavit would have sufficed had this amendment been in effect at the time summary judgment was rendered.

Procedure 13, he does paraphrase a portion of the rule.[4] Rule 13 permits a court, upon motion of a party or on its own initiative, to impose an appropriate sanction against a party that files any "fictitious pleading" or makes statements in a pleading that it knows to be groundless. Tex. R. Civ. P. 13. On that basis, Giraldo apparently argues that the trial court erred in failing to sua sponte impose sanctions against Pavia and Pavia's attorney and instead granting summary judgment in Pavia's favor.

We note Giraldo did not seek Rule 13 sanctions in the trial court. Before the trial court could impose Rule 13 sanctions on its own initiative, it would have been required to give Pavia notice and a hearing. *See* Tex. R. Civ. P. 13. Giraldo voiced no objection in the trial court to the court's failure to conduct a Rule 13 hearing on its own initiative or to the court's failure to impose Rule 13 sanctions. To preserve error for appeal, a party must timely present a complaint to the trial court with sufficient specificity. *See* Tex. R. App. P. 33.1(a); *Ortegon v. Benavides*, No. 04-05-00768-CV, 2008 WL 577175, at *11 (Tex. App.—San Antonio Mar. 5, 2008, pet. denied) (holding defendant did not preserve error as to trial court's failure to impose Rule 13 sanctions) (mem. op.); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 450 (Tex. App.—Austin 2004, pet. denied) (holding law firm failed to preserve error as to sua sponte imposition of sanctions). By failing to object in the trial court, Giraldo waived his apparent complaint that the trial court erred in failing to sua sponte impose sanctions against Pavia and Pavia's attorney. Therefore, we examine Giraldo's arguments under the fourth issue solely to determine if he has shown that the trial court erred in granting summary judgment.

According to Giraldo, Pavia and Pavia's counsel "plotted a sophisticated scam" against him by excluding the actual lease agreement and rental application from the record and never disputing that Pavia owed rent for having a pet on the premises. Giraldo further asserts that Pavia provided no evidence to refute Giraldo's pleaded defense. However, as discussed above, once Pavia proved a prima facie case of bad faith

---

[4] Giraldo does not allude to any other basis for the outcome he seeks, *i.e.*, reversal for filing a lawsuit in bad faith or for purposes of harassment.

10

retention of a security deposit, the burden shifted to Giraldo to provide evidence of a reasonable excuse to rebut the presumption of bad faith. *See Hardy*, 176 S.W.3d at 271. Giraldo cites to no evidence in the record indicating that the omitted documents (the lease agreement and rental application) support his position. Because this is a restricted appeal, any error must be demonstrated on the face of the record and not in attachments to an appellate brief. *See Alexander*, 134 S.W.3d at 848.

Giraldo additionally claims that Pavia's affidavit was notarized by a friend of Pavia's, who was a cotenant of the premises at issue in this case. Again, Giraldo points to nothing in the record suggesting that his assertions are true. We can reverse only upon finding error on the face of the record. Lastly, Giraldo contends that the request for $8,500 in attorney's fees shows bad faith on the part of Pavia and his attorney. Although, as explained above, there is insufficient evidence in the record to support summary judgment awarding the requested amount of attorney's fees, the lack of such evidence does not demonstrate that the request for that sum was made in bad faith. Further, any such bad faith would not show that the trial court erred in granting summary judgment. Finding no merit to any of Giraldo's arguments concerning bad faith or harassing litigation, we overrule his fourth issue.

### V. Reply Brief Issue

Lastly, in his reply brief, Giraldo contends that the trial court erred in basing summary judgment on deemed admissions because the record does not reflect that he actually received the request for admissions. Specifically, he asserts that Pavia sent the request to the wrong address. Because Giraldo did not raise an issue regarding service of the request for admissions until his appellate reply brief, he has waived this argument. *See* Tex. R. App. P. 38.3; *Priddy v. Rawson*, 282 S.W.3d 588, 597-98 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).[5] Accordingly, we overrule this issue.

---

[5] A certificate of service signed by a party or an attorney constitutes prima facie evidence of service and thus raises a presumption that the request for admissions was received. *Approx. $14,980 v.*

## VI.  Conclusion

Because we sustain Giraldo's second and third issues concerning attorney's fees, we reverse and remand the portion of the final judgment awarding past and potential future attorney's fees to the trial court for further proceedings.  Having overruled Giraldo's other issues, we affirm the remainder of the judgment.  *See* Tex. R. App. P. 44.1(b) (authorizing remand of only part of a case if error only affects that part).


/s/          Martha Hill Jamison
Justice


Panel consists of Justices Frost, Jamison, and McCally.

---

*State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet).  In the absence of evidence rebutting the presumption, *i.e.*, showing non-receipt, we presume service was perfected and the request for admissions received.  *Id.*; *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.).  Here, Pavia's attorney included a certificate of service with the request for admissions, describing proper service under Texas Rule of Civil Procedure 21a.  Tex. R. Civ. P. 21a ("Methods of Service").  In response, Giraldo has provided no proof that he did not actually receive the requests for admissions.  The record contains neither an affidavit from Giraldo denying receipt nor any return receipt or stamp from the post office demonstrating a failure of delivery.  *See Approx. $14,980*, 261 S.W.3d at 189 (holding that envelope stamped "unclaimed" along with testimony denying receipt was sufficient to rebut the presumption of receipt).