**Chad Hanna FOSTER, Appellant,**

v.

**FIRST NATIONAL BANK OF CHICAGO, Appellee.**

**No. 1350.**

Court of Civil Appeals of Texas, Tyler.

Aug. 7, 1980.

 

Joseph E. Brodigan, J. Walter Park, IV, Davis & Turlington, Inc., San Antonio, for appellant.

John M. Pinckney, III, San Antonio, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court granting the motion for summary judgment of appellee, First National Bank of Chicago, on a sworn account.

Appellee First National sued appellant, Chad Hanna Foster, upon a claim based upon three separate sworn accounts, allegedly due and owing by appellant Foster to Maverick Feed Yards, Inc., plus attorney's fees. In its petition First National alleges that it has the right to bring this suit for the collection of sums due and owing to Maverick Feed Yards, Inc., under and by virtue of "that one certain Security Agreement executed on or about May 30, 1974, by Maverick Feed Yards, Inc., in favor of the First National Bank of Chicago."

Attached to First National's petition is the affidavit of one, Raymond J. Vrablic, alleged to be an employee, stating: (1) that said bank holds "a perfected security interest in all accounts due and owing to Maverick Feed Yards, Inc." and by virtue of the heretofore referenced Security Agreement, allegedly executed on or about May 30, 1974, is authorized to bring suit in its own name for the collection of any and all sums due and owing to Maverick Feed Yards, Inc.; and (2) "that the account and documents and records supporting same, are within his knowledge just and true, that the account is due and unpaid, and that all lawful offsets, payments, and credits have been allowed."

The accounts herein are alleged to have arisen from the storage and feeding of cattle belonging to appellant Foster at the feed yard and lot operated and owned by Maverick Feed Yards, Inc.

Appellee bank's petition further alleged: "By reason of Defendant's failure and re-

fusal to pay the amount due and owing to Plaintiff, Plaintiff has been required to retain the services of an attorney for the collection of the amounts due and owing and has agreed to pay its attorney a reasonable fee for services rendered, which fee Plaintiff alleges is not less than Five Thousand Dollars ($5,000.00), which Plaintiff is entitled to recover from Defendant in accordance with Article 2226, Vernon's Annotated Texas Statutes."

Appellant Foster answered by an unverified general denial. Appellee First National then filed its motion for summary judgment which set forth the allegation that appellant's answer is defective and insufficient in law to constitute or raise a defense to plaintiff's cause of action on the sworn account referred to in plaintiff's original petition and that the pleadings, exhibits and affidavits filed in the case, except as to the amount of reasonable attorney's fees, show that there is no genuine issue as to any material fact between the parties and praying for judgment against the defendant as a matter of law. Furthermore the motion asked that if summary judgment against the defendant was rendered as to all facts except reasonable attorney's fees, that the court thereafter set a trial on the merits immediately to determine the question of attorney's fees. Attached to the motion for summary judgment was the affidavit of plaintiff's counsel who stated therein "that he is authorized and competent to make this oath, that he has read Plaintiff's Motion for Summary Judgment and does hereby swear that the facts and statements therein contained are true and correct. He further states that the copies of documents attached to Plaintiff's Original Petition are true and correct copies of the original document which completely and accurately reflect the business dealings and open account which are the basis of Plaintiff's Original Petition and which establish that Plaintiff is entitled to judgment as a matter of law."

On the day prior to the hearing on the motion for summary judgment, appellant Foster filed an amended answer (verified, denying the allegations in plaintiff's petition and alleging certain affirmative de-

fenses) and his opposition to motion for summary judgment with supporting affidavits and exhibits. Pursuant to Tex.R.Civ.P. 166–A(c), the trial court refused to consider these additional pleadings, and no complaint of such refusal is made by appellant on appeal.

As reflected in the judgment, after hearing and granting the motion for summary judgment, the trial court heard nonjury testimony on attorney's fees; and then granted judgment in favor of appellee First National for $24,885.39 on the accounts, together with attorney's fees in the amount of $1,750.00.

Appellant Foster has perfected this appeal from the granting of the summary judgment and the judgment rendered therein.

We reverse and remand.

Appellant Foster raises three points of error in his brief. Only the first point need be considered herein as it is determinative of this appeal. Therein appellant contends that the trial court erred in granting appellee's motion for summary judgment because there was no evidence presented that appellee bank had the right to bring and maintain the suit for collection of sums allegedly due and owing by appellant Foster to Maverick Feed Yards, Inc.

Foster contends that although appellee bank alleges it has the right to bring this suit for the collection of sums due and owing to Maverick Feed Yards, Inc., under and by virtue of a certain security agreement, there is a total absence of any supporting proof of the allegation of the existence of the alleged security agreement or of the security interest of appellee in the accounts receivable of Maverick Feed Yards, Inc.; and that without proof of such alleged security agreement the appellee bank was not entitled to summary judgment.

First National responds that since appellant Foster did not raise the issue of assignment prior to the rendering of summary judgment, he has waived the right to complain of it on appeal; that "because no

genuine issues and material facts were raised by defendant's answer, which was the only defensive pleading on file at the time of the hearing, the trial court was correct in entering summary judgment for plaintiff." We do not agree.

Neither do we agree with appellee's contention that the statements in the affidavit of Mr. Vrablic (an alleged employee of appellee) attached to appellee's petition would suffice as summary judgment proof of such assignment.

 In the instant case, appellee First National relies upon the alleged security agreement for its right to institute and maintain this suit in its own name on the open accounts allegedly due and owing by appellant Foster to a third party, Maverick Feed Yards, Inc. Proof of the security agreement as an assignment by which First National gained the right to sue was an essential element of its cause of action. *Vahlsing v. Collier Cobb & Assoc. of Dallas*, 560 S.W.2d 117, 118 (Tex.Civ.App.—Dallas 1977, no writ); *Raulston v. Raulston*, 531 S.W.2d 683, 687 (Tex.Civ.App.—Texarkana 1975, no writ); *American Fiber Glass v. General Elec. Credit*, 529 S.W.2d 298, 300 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.); *Van Huss v. Buchanan*, 508 S.W.2d 412, 414 (Tex.Civ.App.—Fort Worth 1974, writ dism'd).

Pleadings do not constitute summary judgment proof. *Hidalgo v. Sun. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971).

In the case of *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979), the Supreme Court said:

"The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non–movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court *by conclusively proving all essential elements of his cause of action or defense as a matter of law.* See *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

Summary judgments must stand on their own merits, and *the non–movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right."* (Emphasis added.)

In a summary judgment proceeding, the nonmovant needs no answer or response to the motion to contend on appeal that the ground expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Authority*, supra at 678; *Fantastic Homes, Inc. v. Raymond Burly Combs et al.*, 596 S.W.2d 502 (Tex.1979).

We must conclude that in the absence of summary judgment proof of the existence of the alleged security agreement, appellee First National has failed to conclusively prove an essential element of its asserted cause of action as a matter of law, and therefore the trial court erred in granting appellee's motion for summary judgment herein.

The judgment is reversed, and the cause is remanded.