Ted BOGART et al., Petitioners,

v.

Joseph SOMER and Phyllis
Somer, Respondents.

No. C-7603.

Supreme Court of Texas.

Oct. 26, 1988.

Robert B. Cousins, Jr. and Suzanne Bass, Bird & Keneker, Bruce E. Longenecker, Dallas, for petitioners.

Dennis N. Ryan and Retta A. Miller, Jackson & Walker, Dallas, for respondents.

PER CURIAM.

At issue here is the standard of proof required to negate a presumption of gift in a constructive trust case. The trial court ruled that the proof required was by a preponderance of the evidence. The court of appeals reversed and remanded the cause to the trial court for a new trial. 749 S.W.2d 202. We denied the application for writ of error.

Allen and Gertrude Bogart purchased certain real property and placed record title in the name of their son-in-law, Joseph Somer. In April 1979, Gertrude Bogart died. Her estate beneficiaries were Phyllis (Bogart) Somer, Theodore Bogart and Lynn Bogart, her children, and Irene Warsaw, her sister. In February 1980, Allen Bogart died leaving his children, Phyllis (Bogart) Somer, Theodore Bogart, and Lynn Bogart as beneficiaries. After Gertrude and Allen Bogart's death, Theodore Bogart, Lynn Bogart and Irene Warsaw sought title to the realty held in Joseph Somer's name.

The trial court submitted an issue on lack of donative intent to the jury. The issue as submitted required a preponderance of the evidence to disprove intent. Based on the jury response that Allen and Gertrude Bogart lacked such intent, judgment was rendered that the beneficiaries of the Bogart estate owned the property and that Joseph Somer held it in constructive trust for them.

Somer appealed to the court of appeals which held that a presumption of gift exists when a father- and mother-in-law place property in their son-in-law's name, and the party seeking to disprove the presumption must prove lack of donative intent by clear and convincing evidence. The court reversed the judgment of the trial court and remanded the cause for a new trial. 749 S.W.2d 202.

We approve the holding of the court of appeals that the burden of proof in refuting the presumption of gift is by clear and convincing evidence. The motion for rehearing on denial of the application for writ of error is overruled.