Clara MASTERSON, et al., Appellants,

v.

Sandra Jean HOGUE, Appellee.

No. 12–90–00059–CV.

Court of Appeals of Texas,
Tyler.

Jan. 31, 1992.

Rehearing Denied June 1, 1992.

J.B. Sallas, Crockett, for appellants.

Tom D. Rorie, Nacogdoches, for appellee.

RAMEY, Chief Justice.

This is an appeal of a summary judgment in favor of Sandra Jean Hogue ("Hogue"), independent executrix of the estate of Walter Wallace McDonald, deceased. The original plaintiffs were the decedent's mother, Lula McDonald,[1] and decedent's two siblings, sister, Clara Masterson ("Masterson"), and brother, Leon McDonald. After Leon McDonald's death, his four children[2] were substituted as parties and are appellants herein. Appellants allege that a resulting trust exists in favor of the descendants of decedent's mother, Lula McDonald, in certain real and personal property acquired by decedent after 1947. We will affirm the summary judgment, but deny Hogue's cross-point.

On June 30, 1983, in an unpublished opinion, this Court remanded the resulting trust issue in the appeal of an heirship determination suit pertaining to decedent's estate. This Court, furthermore, held that Hogue was decedent's sole heir at law. With respect to the resulting trust contention, appellants have alleged that decedent held title to six tracts of land, cash and various personalty as trustee on behalf of appellants, because his parents contributed to their acquisition.

■ A resulting trust arises by operation of law when title is conveyed to one party, but the purchase price is paid by another. *Crume v. Smith*, 620 S.W.2d 212, 215 (Tex.Civ.App.—Tyler 1981, no writ). The parties who have paid the purchase money are equitable owners of the property, and the titleholder is a mere trustee who holds for the benefit of those that furnished the consideration. *Id.* But there is a presumption of gift of the purchase money, and not a resulting trust, when parents contribute to the purchase of the property held in the name of their own child. *Bogart v. Somer*, 762 S.W.2d 577 (Tex.1988). This presumption of the par-

ents' donative intent is strong and must be overcome by clear and convincing evidence, not by a preponderance of the evidence. *Id.*

Here, there was no affidavit or other summary judgment evidence offered by appellants to rebut the presumption of gift. To the contrary, each of the appellants have been deemed to have admitted that any money, goods or services provided to the decedent by his parents in the acquisition of the disputed property "were given gratuitously and without expectation of repayment or reimbursement". These deemed admissions resulted from identical Requests for Admissions containing such inquiry served upon each of the appellants, commencing in May 1989. Thereafter, an agreement was made by the parties to extend the time for Masterson to respond to a specified date; there was also delay in serving the Requests upon another appellant, because he was incorrectly named. Thereafter, only three appellants made any response to the Requests for Admissions, but the three sets of Answers were served more than a month after their due-date, as prescribed in Rule 169 1, TEX.R.CIV.P. and were suppressed by the trial court prior to the hearing on the Motion for Summary Judgment.

■ Untimely answered Requests are automatically deemed admitted and constitute judicial admissions; the responding parties cannot thereafter introduce proof to controvert them. *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex.1989). Appellants filed no motion to withdraw the deemed admissions for good cause as authorized by Rule 169 2. Therefore, appellants failed as a matter of law to raise a fact issue on their resulting trust claim, because they offered no summary judgment evidence to rebut the strong presumption of gift, but, on the contrary, were each deemed to have admitted that the claimed contributions by the decedent's parents were gifts to him.

1. Now deceased.

2. Kenneth L. McDonald, Mitchell L. McDonald, Gary M. McDonald and Margarette M. Stagg.

Appellants assign five points of error. Their first point of error asserts that the court's granting the summary judgment prevented appellants from proving that a resulting trust was created for Lula McDonald. By point of error number two, appellants contend that the "take nothing" language in the summary judgment likewise prevented them from litigating their resulting trust claim as the appellate court's Mandate required. In their third point, appellants again argue that the trial court erred by failing to follow the provisions of the Mandate and granting the summary judgment to appellee. Appellants' fifth point of error asserts that Masterson and other "independent witnesses" could have testified to facts and circumstances not precluded by the "deemed admissions", and that appellants could thereby establish their claimed resulting trust.

If we assume that the appellants or any "independent witnesses" could testify to facts or circumstances tending to raise a fact issue of the existence of a resulting trust, there is no summary judgment evidence giving rise to that trust. Appellants have the burden of proving the elements necessary to establish a resulting trust against appellee and additionally to rebut the presumption of a gift by clear and convincing evidence, which they have not done. By their deemed admissions, appellants, moreover, have judicially admitted that Lula McDonald's contributions toward the acquisition of the properties were, indeed, gifts to their son, the decedent. There being no material fact issue as a matter of law, a "take nothing" summary judgment for the defendant/appellee is not erroneous, but is an appropriate disposition; summary judgment is authorized by Rule 166a to avoid unnecessary delay and expense in litigation disposition and is not violative of the provisions of the court's Mandate. Appellants' first, second, third and fifth points of error are overruled.

■ In their fourth point of error, appellants assert that the trial court erred in granting the summary judgment, because the parties' pleadings demonstrate controverted fact issues. Pleadings do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Foster v. First National Bank*, 604 S.W.2d 508, 511 (Tex.Civ.App.—Tyler 1980, no writ). A fact issue was not raised by the parties' pleadings. Appellants' fourth point of error is overruled.

■ By "cross-point", appellee seeks sanctions against appellants by the award of damages not to exceed ten times the total taxable costs, on the grounds that this appeal is frivolous, because it was taken for delay and without sufficient cause. Tex.R.App.P. 84. The central event that facilitated the granting of the summary judgment as well as the disposition of this appeal was the untimely response and the appellants failure to answer appellee's Request for Admissions, resulting in the "deemed admissions". The record, except for a reference to Masterson's continuing illness, is silent as to the cause or responsibility for this oversight, or as to an explanation for the lack of additional procedural steps to eliminate the consequences. An appellate court should not penalize clients should their attorney overlook a required procedural responsibility. *See Daniel v. Esmaili*, 761 S.W.2d 827, 831 (Tex.App.—Dallas 1988, no writ).

■ We are unable to ascertain any benefit to appellants from a delay in the conclusion of this litigation; appellants do not enjoy the use of the property pending the conclusion of the appeal. Likewise, appellants had no use of appellee's monies during the pendency of this appeal. In undertaking to determine whether the appeal was taken without sufficient cause, the courts have looked at the case from the point of view of the advocate. *Gaines v. Frawley*, 739 S.W.2d 950, 956 (Tex.App.—Fort Worth 1987, no writ). An advocate knows that a high percentage of summary judgments are reversed on appeal, thereby affording the parties their day in court. *City of Houston*, 589 S.W.2d at 675.

■ A party's right to an appeal is a sacred and valuable right. *Loyd Electric Co., Inc. v. Millett*, 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ);

*Trinity Universal Insurance Co. v. Farley,* 408 S.W.2d 776, 780 (Tex.Civ.App.—Tyler 1966, no writ). Delay damages should be "applied with prudence, caution and after careful deliberation." *Loyd Electric Co., Inc.* at 484. Under the circumstances of this appeal, we decline to award Rule 84 damages to appellee. Appellees' cross-point is overruled.

The summary judgment is affirmed.