In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-531 CV


____________________



IN THE ESTATE OF SAM C. LAVALLE







On Appeal from the County Court at Law No. 3


Jefferson County, Texas


Trial Cause No. 87396






OPINION


 In a contested probate proceeding, the trial court admitted to probate the Will of Sam
C. LaValle and appointed his widow, Cindy L. LaValle, as independent executrix of the
estate. The Court further entered a declaratory judgment that determined the title to the
estate's major purported asset to be held by the deceased's son, Sam Anthony LaValle. On
appeal, Cindy LaValle concedes the evidence supports a finding that the decedent caused title
to the property to be placed in the name of his son, but contends the overwhelming weight
of the evidence supports a finding that the deed was executed for the benefit of Sam C.
LaValle during a previous marriage to avoid the prior spouse's claims on the community
estate. We hold that the trial court's declaratory judgment is supported by the evidence and
affirm the judgment.

 Cindy LaValle raises a single issue, as follows:

 Appellant argues that the overwhelming weight of the evidence
supports a finding that the residence was placed in the name of Samuel
Anthony LaValle as a constructive or resulting trust for the benefit of Sam C.
LaValle and the Court failed to properly apply the law in denying Appellant
her affirmative defense that the property was held by Appellee in trust for the
benefit of Sam C. LaValle and his estate.

 

 A purchase money resulting trust is implied by operation of law when someone other
than the person in whose name title is taken pays the purchase price of the property. Cohrs
v. Scott, 161 Tex. 111, 338 S.W.2d 127, 130 (1960); Osuna v. Quintana, 993 S.W.2d 201,
210 (Tex. App.--Corpus Christi 1999, no pet.). When the transferee is the child of the person
who paid for the property, a rebuttable presumption that the property is a gift arises. Bogart
v. Somer, 762 S.W.2d 577 (Tex. 1988). The parent's donative intent may be rebutted by
clear and convincing evidence. Id. The record in this case does contain evidence tending to
rebut the presumption of donative intent. The decedent lived in the house, as did Cindy
LaValle during her marriage to Sam C. LaValle. There is no evidence that Sam A. LaValle
ever used the property or contributed towards its purchase or maintenance. Although Sam
A. LaValle is the natural object of his father's bounty, there is no evidence in the record that
Sam C. LaValle intended that his son possess the property while Sam C. LaValle lived.

 Cindy LaValle argues that Sam A. LaValle participated in the fraud and should not
profit by it. A resulting trust arises in equity and requires clean hands on the part of the
person asserting equitable title. Richardson v. Laney, 911 S.W.2d 489, 493 (Tex. App.--Texarkana 1995, no writ). The trial court may in its discretion find a resulting trust arose if
the other party to the transaction has not been harmed; however, it is not an abuse of
discretion to deny the remedy if the transfer was made for the purpose of defrauding
creditors. Id. at 493. Cindy LaValle concedes her husband caused the title to the property
to be taken in the younger LaValle's name during the decedent's marriage to Sheilah 
LaValle for the express purpose of preventing Sheilah from asserting a claim to the property.
Cindy argues that Sheilah LaValle was not injured by the transaction because Sam C.
LaValle paid her for her share of the marital estate in return for executing a quitclaim deed
to Sam A. LaValle in 1992. The quitclaim deed is some evidence that Sheilah LaValle was
not harmed by the deception, but it does not necessarily follow that the trial court abused its
discretion by failing to declare a resulting trust arose from a transaction made in fraud on the
community estate.

 The guiding rule or principle originates in part with Lott v. Kaiser, 61 Tex. 665
(1884). In Lott v. Kaiser, the grantees were the grantor's minor children. Lott, 61 Tex. at
668. The reviewing court distinguished the case from cases in which the grantee defrauded
the grantor. See id. at 671-72. The court held "[n]o resulting or other trust could arise"
because the grantor voluntarily executed the deed with full knowledge of the relevant facts. 
Id. at 672. "[W]hile the deed was fraudulent as to the wife, it was binding upon the grantor,
if its real purpose was to shield the property from the just claims of the wife by placing the
apparent title in the children, while, as between them and their father, by him it was intended
to be operative only at his death." Id. at 673. Although Sam A. LaValle was a twenty-one-year-old adult when his father purchased the property, on this record the trial court could
have found that Sam A. LaValle did not deceive Sam C. LaValle or induce him through some
falsehood to have title placed in the son's name. We hold the trial court did not abuse its
discretion by failing to declare a resulting trust.

 The grantor of property conveyed in fraud of creditors parts with his title when he
executes the deed, and retains no interest in the property at his death. Markward v. Murrah,
138 Tex. 34, 156 S.W.2d 971, 974 (1941). "The proposition is well settled in this state that,
as between the parties to the transfer, a conveyance made in fraud of creditors passes title to
the vendee, and is defeasible only at the instance of the creditors. . . ." John Hancock Mut.
Life Ins. Co. v. Morse, 132 Tex. 534, 124 S.W.2d 330, 332 (1939). In the absence of a
resulting trust, the property at issue is not an asset of the estate. We overrule the issue and
affirm the judgment.

 AFFIRMED.


 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on January 11, 2007

Opinion Delivered March 15, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.