

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00007-CV
_____


IN THE MATTER OF THE MARRIAGE OF GUADALUPE DEASES
CAMPA AND FRANCISCO CAMPA



On Appeal from the County Court at Law
Walker County, Texas
Trial Court No. D1817075



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After forty-two years of marriage, Guadalupe Deases Campa (Guadalupe) filed a petition for divorce from Francisco Campa (Francisco). The County Court at Law of Walker County[1] granted Guadalupe's petition and ordered a division of the couple's community property. On appeal, Francisco complains that the trial court abused its discretion in finding that the two properties, designated, respectively, San Felipe #1 and San Felipe #2, were community property. Because we find that there was (1) no abuse of discretion in finding San Felipe #1 to be community property and (2) no abuse of discretion in finding San Felipe #2 to be community property, we affirm the trial court's judgment.

"We review a trial court's division of property under an abuse-of-discretion standard." *In the Matter of Marriage of Elabd*, 589 S.W.3d 280, 287 (Tex. App.—Waco 2019, no pet.) (citing *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981)). "A trial court has wide latitude in the exercise of its discretion in dividing the marital property in a divorce proceeding, and that division will not be overturned on appeal unless the trial court has abused its discretion." *Id.* (citing *Murff*, 615 S.W.2d at 698). "The mere fact that a trial judge may decide a matter within his discretionary authority differently than an appellate judge is not an abuse of discretion." *Id.* (citing *Jones v. Jones*, 804 S.W.2d 623, 624 (Tex. App.—Texarkana 1991, no writ) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985))). "To constitute an abuse of discretion, the trial court's division of the property must be manifestly unfair." *Id.*

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

(citing *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980)). "Furthermore, because the trial court is in a better position to determine the candor, demeanor, and credibility of the witnesses, we will not substitute our judgment for that of the trial court." *Id.* at 288 (citing *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.)). "Instead, we defer to the trial court's resolution of underlying facts and to the credibility determinations that may have affected its decision. *Id.* (citing *A.L.E.*, 279 S.W.3d at 427). As the fact-finder, the trial court "was entitled to believe all, some, or none of a witness's testimony if a reasonable juror could." *In re Marriage of Fannette*, No. 10-12-00141-CV, 2013 WL 3533238, at *6 (Tex. App.—Waco July 11, 2013, pet. denied) (mem. op.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819–20 (Tex. 2005)). "Thus, an abuse of discretion generally will not occur when a trial court bases its decision on conflicting evidence." *Elabd*, 589 S.W.3d at 288 (citing *In re De La Pena*, 999 S.W.2d 521, 526 (Tex. App.—El Paso 1999, no pet.)). "If there is any reasonable basis for doing so, we must presume that the trial court properly exercised its discretion." *Matter of Marriage of Lewis*, No. 06-19-00046-CV, 2020 WL 34919, at *4 (Tex. App.—Texarkana Jan. 3, 2020, no pet.) (mem. op.) (quoting *Matter of Marriage of Williams*, No. 06-18-00041-CV, 2018 WL 6424245, at *4 (Tex. App.—Texarkana Dec. 7, 2018, pet. denied) (mem. op.)).

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003(a). "It is a rebuttable presumption requiring a spouse claiming assets as separate property to establish its separate character by clear and convincing evidence." *In re Marriage of Grisham*, No. 10-09-00429-CV, 2010 WL 4570266, at *1 (Tex. App.—Waco Oct. 20, 2010, pet. denied) (mem. op.) (citing TEX. FAM.

3

CODE ANN. § 3.003(b)). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007.

The evidence in the trial court showed that Francisco and Guadalupe were married on January 11, 1976, and ceased to live together in July or August 2018. At the time of the dissolution of their marriage, Francisco and Guadalupe possessed interests in a number of properties, including a house and land known as San Felipe #1 and a house known as San Felipe #2, both located in Mexico.

Guadalupe testified that they bought San Felipe #1 from Francisco's father, Jose Guadalupe Campa Gonzalez, around 1977 or 1978 for $5,000.00. She also testified that they made improvements to the property in the amount of $25,000.00.

With regard to San Felipe #1, Francisco agreed that, if a document said that he acquired it in 1977, that would be accurate. He also testified variously that it was given to him by his father and that his father gave it to both Guadalupe and him. But he also maintained that he sent money to his father for San Felipe #1 and that the money came from both Guadalupe and him. Francisco also claimed that he inherited it from his father. When shown a document entitled "Manifestation of Land Hidden from Taxation,"[2] Francisco testified that it was the document by which his father gave San Felipe #1 to him. He also testified that he had already "made" part of the house when he met Guadalupe and made improvements after they were married.

_____

[2]The "Manifestation of Land Hidden from Taxation" recites that, on June 19, 1977, Salvador Sandoval "SELLS and hands over in full ownership, with all its uses, customs, and easements, to Mr. J. Guadalupe Campa Gonzalez, who PURCHASES for FRANCISCO CAMPA GUZMAN a section of rural land denominated 'SAN FELIPE'" for the price of 500 pesos.

Francisco's brother, Juan Campa Guzman, testified that their father gave a bare lot to Francisco, Guzman, and a third brother many years ago and that Francisco built a house in front, and Guzman, a house in back. He testified that his father told him that he would have a piece and that Francisco would have the other piece when he got married. He also testified that his father gave the property to Francisco and that Francisco built two rooms before he met Guadalupe.

Guadalupe testified that San Felipe #2 is a two-story home they bought in the early 1990s for $60,000.00 from Agustin Madera Campa (Agustin), who was a neighbor of the family in Mexico. She testified that they made payments to Agustin, and she produced copies of three cancelled checks from their joint checking account made out to Agustin in the amounts of $1,000.00 dated May 10, 2002, $658.00 dated June 4, 2002, and $658.00 dated April 10, 2006, with the notation "Final Payment." Guadalupe acknowledged that she wrote the checks and signed Francisco's name to them because Francisco cannot read or write. She also testified that the only thing that they ever paid Agustin was payment for San Felipe #2. She did not know if they ever received a deed for the property, but she believed Francisco had the deed. Guadalupe also testified that, in the early 1990s, Agustin came down and signed a bill of sale for San Felipe #2 and had it notarized.

According to Francisco, they acquired San Felipe #2 in the 1980s and paid Agustin $30,000.00 for the house. He testified that they paid him the last check, but never heard from him again. He claimed that San Felipe #2 was his but denied that he had received a deed for it. He also testified that they did not buy anything else from Agustin.

5

At the conclusion of the final hearing, the trial court determined that both San Felipe properties were community property and awarded them to Francisco in the division of the community estate. The court later entered a final decree of divorce consistent with its oral rendition.[3]

*(1)* *No Abuse of Discretion in Finding San Felipe #1 to be Community Property*

In his first issue, Francisco asserts that the trial court abused its discretion when it characterized San Felipe #1 as community property. He points to the document titled "Manifestation of Land Hidden from Taxation" and argues that, since it recites that Gonzalez, Francisco's father, purchased the property for Francisco, a rebuttable presumption arose that it was a gift to Francisco, citing *Bogart v. Somer*, 762 S.W.2d 577 (Tex. 1988). He argues, therefore, that, since Guadalupe challenges the gift, the burden of proof to prove the lack of donative intent rests on her with a standard of clear and convincing evidence. *Id.*

However, Francisco's reliance on *Bogart* is misplaced. As we have previously noted, *Bogart* "involve[d] a presumption of a gift of real property to the object of one's bounty,"[4] not a dissolution of a marriage. *Matter of Marriage of Noble*, No. 06-16-00032-CV, 2016 WL 6543654, at *9 n.14 (Tex. App.—Texarkana Nov. 4, 2016, pet. denied) (mem. op.). Because this case involves the division of property in a dissolution of a marriage, the provisions of the Texas Family Code apply. *Id.* As we have previously stated, under the Texas Family Code, property

---

[3]In several places, the final decree of divorce misidentifies the parties. Under the sections titled "Property to Wife" and "Debts to Wife," the wife is identified as "FRANCISCO CAMPA." Also, under the section titled "Debts to Husband," the husband is identified as "GUADALUPE DEASES CAMPA."

[4]In *Bogart*, Allen and Gertrude Bogart purchased certain real property and placed title in the name of their son-in-law, Joseph Somer. After Allen and Gertrude died, their other children sought title to the property held in Somer's name. *Bogart*, 762 S.W.2d at 577.

6

held by the spouses during, and at the dissolution of, a marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a). This "rebuttable presumption require[s] a spouse claiming assets as separate property[—in this case, Francisco—]to establish its separate character by clear and convincing evidence." *Grisham*, 2010 WL 4570266, at *1; *see* TEX. FAM. CODE ANN. § 3.003(b).

Francisco does not argue that he established the separate property character of San Felipe #1 by clear and convincing evidence. Even if he had so argued, the record would not have supported such a contention. The only documentary evidence showed that the property was acquired by Gonzalez for Francisco in June 1977, one and one-half years after Francisco married Guadalupe. The document did not contain any language clearly indicating that Gonzalez intended to give the property to Francisco. Rather, the language of the document was consistent with Guadalupe's testimony that they bought the property from Francisco's father in 1977 or 1978 for $5,000.00. Although Francisco maintained that it was a gift from his father, he also admitted that he had paid his father for the property out of community funds. Further, although Francisco and his brother claimed that his father had given Francisco the property and that Francisco had begun construction of a house before he met Guadalupe, the documentary evidence showed that an unrelated third party owned the property until June 1977. Consequently, the trial court, as fact-finder, could reasonably discount this testimony.

Based on this record, we find that the trial court did not abuse its discretion in characterizing San Felipe #1 as community property.[5] We overrule this issue.

*(2)      No Abuse of Discretion in Finding San Felipe #2 to be Community Property*

Francisco also contends that the trial court abused its discretion in characterizing San Felipe #2 as community property. He argues that, because title to real property cannot be proven by parol evidence, there was no evidence that the parties owned San Felipe #2.

Francisco's argument assumes that the trial court could only characterize property as community property if the parties owned legal title to the property. "However, a divorce court has the authority to characterize the parties' respective equitable interests as community or separate property and include equitable community property in the division of the marital estate even if neither party held legal title to the property." *Rubio v. Rubio*, No. 13-17-00682-CV, 2020 WL 4035515, at *8 (Tex. App.—Corpus Christi July 16, 2020, no pet.) (mem. op.) (citing *Jones v. Jones*, 804 S.W.2d 623, 625 (Tex. App.—Texarkana 1991, no writ)); *see also In re Marriage of Barro-Allen and Allen*, No. 10-12-00179-CV, 2014 WL 3928800, at *3 (Tex. App.—Waco June 26, 2014, no pet.) (mem. op.) (noting that wife was awarded 100% of the equitable community interest in couple's house); *Deacetis v. Wiseman*, No. 14-09-000308-CV, 2010 WL 2731040, at *4 (Tex. App.—Houston [14th Dist.] July 13, 2010, no pet.) (mem. op.) (a divorce court can characterize the parties' equitable interests as community or separate property and can

---

[5]Francisco also contends that Guadalupe's trial counsel admitted at a pretrial hearing, and at the final hearing, that San Felipe #1 was Francisco's separate property, without citation to authority. An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citation to authorities and to the record." TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by merely uttering brief conclusory statements, unsupported by legal citations." *Windsor v. Round*, 591 S.W.3d 654, 670 (Tex. App.—Waco 2019, pet. denied) (citing *Martinez v. El Paso Cty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck)). Because this contention is inadequately briefed, it has been forfeited.

"include equitable community property in the division of the marital estate even if neither held legal title to the property").

In this case, although the parties disagreed on the amount paid, it was undisputed that the parties had paid Agustin the full purchase price of San Felipe #2 out of community funds. Consequently, the trial court was authorized to characterize the parties' interest in San Felipe #2 as community property, regardless of whether such interest was legal or equitable, and could award it to Francisco in the division of the marital estate even if neither party held legal title to the property. Therefore, we find that the trial court did not abuse its discretion in characterizing San Felipe #2 as community property. We overrule this issue.[6]

For the reasons stated, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: July 2, 2021
Date Decided: July 15, 2021

---

[6]Francisco's third issue asserted that, because the trial court mischaracterized San Felipe #1 and San Felipe #2 as community property, it failed to make a just and right division of the marital property. Because this issue is conditioned on this Court sustaining Francisco's other issues, we overrule it as moot.

9